UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
CARLOS ALMONTE, et al.,

                       Plaintiffs,                                        REPORT AND
                                                           RECOMMENDATION
      -against-                                          13-CV-6034 (RRM)

PEST PRO SERVICES, INC., et al.,

                       Defendants.
--------------------------------------------------------------------X
Gold, S., U.S. Magistrate Judge:

      Plaintiffs bring this action under the Fair Labor Standards Act.  The parties have entered into

a settlement agreement, and now ask that the Court approve the agreement as "a reasonable

compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an

employer's overreaching." *Le v. SITA Information Networking Computing, USA, Inc.*, 2008 WL

724155, *1 (E.D.N.Y. Mar. 13, 2008) (internal quotation marks and citation omitted); *see also*

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (holding that "stipulated

dismissals settling FLSA claims with prejudice require the approval of the district court") .

      Plaintiff has submitted a letter brief arguing that the settlement is reasonable and fair, as well

as a copy of the settlement agreement.  Docket Entry 82.  The agreement provides for a total payment

of $32,000 in settlement, with $17,954.01 payable to the three plaintiffs and $14,045.99 payable to

plaintiff's counsel as fees and costs.  Counsel for plaintiffs represents that the amount plaintiffs will

receive under the settlement exceeds the amounts they could recover as damages, including

liquidated damages, at trial.  Plaintiffs' counsel further represents that fees and costs incurred in

litigating this action exceed the fees and costs provided by the settlement.

      I have been the magistrate judge presiding over the pre-trial aspects of this case since

December 29, 2014.  I have conducted several conferences with counsel and the parties during that

time.  As a result, I am aware that the settlement was the result of arms-length negotiations between

the parties and their counsel.  I am also aware that at least some of the defendants asserted defenses that might be successful at trial.  Finally, as reflected in some of the more recent docket entries, I am aware that plaintiffs have encountered difficulty collecting a portion of the settlement proceeds, although the entire amount has now been paid.

In short, the settlement provides that plaintiffs will receive more than they could recover at trial.  The attorney's fee portion of the settlement is less than the fees and costs actually and reasonably incurred.  Some defendants have arguable defenses to plaintiffs' claims.  Even if plaintiffs prevailed at trial, collection of any judgment rendered might be difficult, particularly if only certain defendants were held liable. I therefore respectfully recommend that the settlement be approved and that the case be dismissed with prejudice.

Any objections to the recommendations made in this Report must be filed within fourteen days of this Report and Recommendation and, in any event, on or before February 26, 2016.  Failure to file timely objections may waive the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

_____/s/_____

STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
February 9, 2016

U:\smg current docs\ALMONTE FLSA.docx